UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VERONICA G.,<br><br>　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,[1]<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§ NO. EP-22-CV-00441-LS<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals the denial of her application for disability insurance benefits. I **AFFIRM** the Commissioner's decision.

**I.	Facts and Proceedings.**

Plaintiff alleges she became disabled on September 4, 2020[2] because of "Lupus, MDD, Migraines/Headaches, Anxiety, Arthritis, Gastritis, and Irritable Bowel Syndrome."[3] An SSA Administrative Law Judge ("ALJ") held a hearing on March 3, 2022 and heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] In an opinion dated March 30, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.[5] The Appeals Council denied her request for review on September 28, 2022, making the decision of the ALJ the final decision of the Commissioner.[6] Plaintiff argues in this appeal that the ALJ erred in assessing Plaintiff's mental abilities and disregarded Plaintiff's need

---

[1] "SSA."
[2] R:486.
[3] R:515.
[4] R:326-57.
[5] R:95-106.
[6] R:4-7.

to be away from heavy machinery, unprotected heights, open flames, and bodies of water. I affirm the Commissioner's decision.

## II. Discussion.

### A. Legal Standards.

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standard.[7] Substantial evidence "is more than a mere scintilla and less than a preponderance."[8] The Commissioner's findings will be upheld if supported by substantial evidence.[9] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[10]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical evidence; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[11] A court cannot, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's.[12] The Commissioner, not the courts,

---

[7] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[8] *Hill v. Berryhill*, 718 F. App'x 250, 253-54 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th 2002)).
[9] *Masterson*, 309 F.3d at 272.
[10] 20 C.F.R. §§ 404.1520; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).
[11] *Perez*, 415 F.3d at 462.
[12] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

must resolve conflicts in the evidence.[13] Finally, even if there is error at the ALJ level, remand to the SSA is warranted only if the error was harmful.[14] The Plaintiff's burden is to show that the ALJ's "error was prejudicial."[15]

### B. Residual Functional Capacity.

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[16] The responsibility for determining a claimant's RFC belongs to the ALJ.[17] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[18] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[19] An RFC finding is used to determine if the claimant can still do his or her past jobs.[20] If the claimant cannot, the RFC is then used to determine whether the claimant can do other jobs in the national economy.[21]

### C. The ALJ's Findings.

In this case, the ALJ found that Plaintiff had the following severe impairments: "bipolar disorder, anxiety, and lupus."[22] They were not, however, individually or in combination severe enough to meet or equal an impairment listed in the appendix to the regulations.[23] The ALJ found that Plaintiff can perform "sedentary work…except [Plaintiff] can lift up to 10 pounds maximum,

---

[13] *Id*.
[14] *Miller v. Kijakazi*, 2023 U.S. App. LEXIS 1118, at *8 (5th Cir. Jan. 18, 2023), citing *Shinseki v. Sanders*, 556 U.S. 396, 407-08, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009).
[15] *Id*., citing *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012) (footnote omitted).
[16] 20 C.F.R. § 404.1545(a)(1).
[17] *Id*. at § 404.1546(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[18] *Perez*, 415 F.3d at 461-62.
[19] *See* 20 C.F.R. §§ 404.1529(d)(4), 404.1545(a)(2).
[20] *Perez*, 415 F.3d at 462; 20 C.F.R. § 404.1520(e).
[21] *Id*.
[22] R:97.
[23] R:99-100.

sit for 6 hours in an 8-hour workday, stand and walk for 2 hours in an 8-hour workday, and is limited to work environments and tasks that do not require more than occasional interactions with co-workers and the generally (sic) public."[24] Although the ALJ found that Plaintiff could not perform her former jobs,[25] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."[26] Accordingly, the ALJ found Plaintiff not disabled and not entitled to disability insurance benefits.[27]

        **D.**        **The ALJ's RFC determination is supported by substantial evidence.**

Plaintiff first argues that "the ALJ rejected all the administrative medical findings and medical opinions regarding the impact Plaintiff's impairments had on her ability to perform work-like activities" and thus "formed his own RFC based solely on his lay interpretation of the medical evidence."[28] Specifically, Plaintiff argues that "the ALJ found all opinions related to mental functioning to be unpersuasive" but nevertheless "assessed mental limitations in the RFC."[29] The mental RFC component at issue relates to the restriction that Plaintiff interact only occasionally "with co-workers and the general public."

It is the ALJ's responsibility to interpret the medical evidence to determine Plaintiff's capacity for work.[30] The ALJ in this case relied on records showing that Plaintiff, although sometimes depressed, was on examination attentive, cooperative, oriented, and had logical and relevant thought processes in December 2020[31] and January 2021.[32] The ALJ also cited to

---

[24] R:100-04.
[25] R:104-05.
[26] R:105.
[27] R:106.
[28] Doc. No. 16, at 16.
[29] *Id*. at 11.
[30] *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016).
[31] R:102 (citing what is R:728-29 in the administrative record).
[32] *Id*. (citing what is R:732-33 in the administrative record).

generally normal mental status findings in October 2020,[33] January 2021,[34] March 2021,[35] April 2021,[36] May 2021,[37] September 2021,[38] October 2021,[39] and December 2021.[40] The ALJ found significant that in May 2021 Plaintiff rated the severity of her anxiety and depression at 3/10 and reported she was "doing well and ha[d] no new symptoms to report."[41] Based on these clinical records, the ALJ concluded that Plaintiff's "mental status examination findings were otherwise routinely within normal clinical parameters, including evidence of full orientation, intact memory, coherent speech, logical and goal-directed thought process, intact language, good fund of knowledge, normal attention, good insight/judgment, no suicidal ideation, and no perceptual abnormalities."[42]

    Finally, I note that state consulting psychologist Dr. Ellen Rozenfeld determined in March 2021 that Plaintiff was not significantly limited in her ability to interact with the general public and coworkers.[43] State consulting psychologist Dr. Judy Martin determined in June 2021 that Plaintiff was moderately limited in such interactions.[44] Both psychologists, however, issued identical mental RFC's providing that Plaintiff could relate "adequately" with others.[45] The ALJ specifically referenced both of these findings[46] and generated a mental RFC that restricted Plaintiff to only "occasional interactions with co-workers and the generally (sic) public,"[47] which is a

---

[33] *Id*. (citing what is R:711, 717 in the administrative record).
[34] *Id*. (citing what is R:743 in the administrative record).
[35] *Id*. (citing what is R:763-64 in the administrative record).
[36] *Id*. (citing what is R:785-86 in the administrative record).
[37] *Id*. (citing what is R:1514-15, 1527-28 in the administrative record).
[38] *Id*. (citing what is R:1577-78, 1581-82 in the administrative record).
[39] *Id*. (citing what is R:1597-99 in the administrative record).
[40] *Id*. (citing what is R:1639-41 in the administrative record).
[41] *Id*. (citing what is R:1518 in the administrative record).
[42] R:103.
[43] R:372.
[44] R:392.
[45] R:373, 394.
[46] R:103.
[47] R:100.

mental RFC arguably more restrictive than the psychologists' opinions. Given the ALJ's reliance on the mostly routine clinical findings explained above, the ALJ's utilization of the consulting psychologists' opinions, and the ALJ's generation of a mental RFC arguably more restrictive than the psychologists' opinions, there was no error in the ALJ's generation of Plaintiff's mental RFC.

### E. Heavy machinery, unprotected heights, open flames, and bodies of water.

Plaintiff also complains that the ALJ did not address two state agency consultants' opinions that Plaintiff should avoid heavy machinery, unprotected heights, open flames, and bodies of water.[48] Any error in this regard is harmless given the ALJ's determination that Plaintiff could still work as a document preparer, a job presumably and sufficiently isolated from these hazards.

Substantial evidence supports the ALJ's determination and I find no legal error. Accordingly, the Commissioner's decision is **AFFIRMED.**

**SIGNED** and **ENTERED** March 31, 2024.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[48] R:369, 389.